John D. Fiero (CA Bar No. 136557)
Maxim B. Litvak (CA Bar No. 215852)
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com
mlitvak@pszjlaw.com
ggreenwood@pszjlaw.com

Attorneys for the Official Committee
of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>**HUMBOLDT CREAMERY, LLC,**<br>a Delaware limited liability company,<br><br>Debtor. | Case No.: 09-11078<br><br>Chapter 11 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>v.<br><br>DAIRY FARMERS OF AMERICA, INC.,<br><br>Defendant. | Adv. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS** |

The Official Committee of Unsecured Creditors ("Plaintiff" or "the Committee") of Humboldt Creamery LLC (the "Debtor") alleges as follows:

## THE PARTIES

1. The Debtor is a limited liability company that was formerly one of the oldest dairy operations in the State of California, processing, distributing, and marketing a wide array of dairy products.

2. On April 21, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code"). On April 27, 2009, the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. Since the Petition Date, the Debtor has been, and continues to be, a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On November 10, 2009, the Court entered its *Order Approving Stipulation Appointing Committee of Unsecured Creditors As Estate Representative For Avoidance Actions.* [Docket No. 295]. Pursuant to the stipulation, the Plaintiff was appointed and authorized as estate representative to pursue avoidance actions, including any and all causes of action under Bankruptcy Code sections 547, 548, and 550, whether or not such actions seek an affirmative recovery or are raised as a defense or offset against the allowance of claims against the Debtor.

4. Plaintiff is informed and believes that Dairy Farms of America, Inc. ("DFA") is a dairy cooperative marketing association organized under the laws of the State of Kansas that conducts business throughout the United States including California.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8. Plaintiff brings this adversary proceeding pursuant to Bankruptcy Code sections 547 and 550, and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

9. Plaintiff is informed and believes that DFA is an insider of the Debtor holding a twenty-five percent (25%) ownership interest in the Debtor.

10. On or about August 19, 2009, DFA filed a proof of claim against the Debtor, designated number 303-1, for goods sold in the amount of $7,993,656.23 (the "Proof of Claim").

11. Within one year of the Petition Date, between May 8, 2008 and January 28, 2009, DFA received payments from the Debtor, including but not limited to the following transfers

identified by date and amount (all such transfers within one year of the Petition Date are referred to collectively as the "Transfers"):

| Date | Amount |
|---|---|
| 5/8/2008 | $ 500,000.00 |
| 5/8/2008 | $ 500,000.00 |
| 5/15/2008 | $ 500,000.00 |
| 6/19/2008 | $1,100,000.00 |
| 7/3/2008 | $ 300,000.00 |
| 7/3/2008 | $ 700,000.00 |
| 7/8/2008 | $ 700,000.00 |
| 7/17/2008 | $ 300,000.00 |
| 7/8/2008 | $ 350,000.00 |
| 8/7/2008 | $ 300,000.00 |
| 8/7/2008 | $1,000,000.00 |
| 8/19/2008 | $ 400,000.00 |
| 8/19/2008 | $ 800,000.00 |
| 9/11/2008 | $ 800,000.00 |
| 11/6/2008 | $ 63,003.68 |
| 12/4/2008 | $ 300,000.00 |
| 12/4/2008 | $ 200,000.00 |
| 1/8/2009 | $ 250,000.00 |
| 1/8/2009 | $ 250,000.00 |
| 1/28/2009 | $ 201,466.22 |
| **TOTAL** | **$9,514,469.90** |

### FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12. Plaintiff repeats and realleges the allegations in above paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. DFA is an insider of the Debtor as defined by Bankruptcy Code section 101(31), and described in Bankruptcy Code section 547(b)(4)(B).

14. Based on the Debtor's books and records, Plaintiff is informed and believes that within one year prior to the Petition Date, the Debtor made the Transfers to DFA in the amount of at least $9,514,469.90.

15. Each of the Transfers was made to DFA as a creditor of the Debtor, on account of an antecedent debt owed by the Debtor to DFA before the Transfers were made.

16. The Transfers were made while the Debtor was insolvent.

///

///

17. The Transfers to DFA enabled it to receive more than it would have received if the Debtor's chapter 11 case was a case under Chapter 7, if the Transfers had not been made, and if DFA received payment on the debt to the extent provided by Title 11 of the United States Code.

18. Plaintiff is entitled to an order and judgment pursuant to section 547 of the Bankruptcy Code that each of the Transfers is avoided.

### SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

19. Plaintiff repeats and realleges paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Plaintiff is informed and believes that the Transfers were made for the benefit of DFA.

21. For reasons alleged above, Plaintiff is entitled to avoid the Transfers under section 547 of the Bankruptcy Code. As DFA is the initial transferee of each of the Transfers and/or the entity for whose benefit the Transfers were made, Plaintiff is entitled to recover for the Debtor's estate the proceeds or value of each of the Transfers from DFA under section 550 of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF
### (Disallowance of Claim – 11 U.S.C. § 502(d))

22. Plaintiff repeats and realleges paragraphs 1 through 21, above as though fully set forth herein.

23. Pursuant to section 502(d) of the Bankruptcy Code, Plaintiff objects to the Proof of Claim, and any other claims that DFA may file in this bankruptcy case, until the Transfers are recovered and paid to the estate in full.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For a determination that each of the Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Transfers or the value thereof from DFA under Section 550 of the Bankruptcy Code;

2. For disallowance of any claim in favor of DFA; and

36912\001\DOCS_SF:68827.1

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

4

3. For costs of suit incurred herein, together with pre-judgment interest; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 24, 2009          PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Gail S. Greenwood*
    John D. Fiero
    Maxim B. Litvak
    Gail S. Greenwood
    Attorneys for the Official Committee
    of Unsecured Creditors